UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISRAT JAHAN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-4559 |
| | § | |
| UR M. JADDOU, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Israt Jahan ("Jahan"), Iftekhar Basith ("Basith"), Fatima Iftekhar ("Fatima"), Jubaida Iftekhar ("Jubaida"), Mehwish Iftekhar ("Mehwish"), and Nurjahan Begum ("Begum") (collectively "Plaintiffs") seek judicial review under the Administrative Procedure Act ("APA") and a judicial declaration that the denials of Jahan's applications for adjustment of status and waiver of inadmissibility were arbitrary and capricious. (Dkt. 1 at p. 4; Dkt. 13 at pp. 3–4). Defendants Joseph Edlow[1] and Carolyn Kemokai (collectively "Defendants") have moved for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants' motion to dismiss under Rule 12(b)(1) (Dkt. 12) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

According to Plaintiffs' complaint, Jahan is a native of Bangladesh and a Canadian citizen who has lived in the United States since August of 2016. (Dkt. 1 at p. 2). Jahan is

---

[1] Joseph Edlow, current Director of United States Citizenship and Immigration Services, has been substituted for Ur Jaddou. *See* Fed. R. Civ. P. 25(d).

1 / 5

married to Basith, who is a college professor and "the principal beneficiary of an employment-based immigrant petition filed by Sam Houston State University." (Dkt. 1 at p. 2).

In September of 2018, Jahan, "based on being the spouse derivative beneficiary" of Basith, filed a Form I-485 application to adjust her immigration status to that of a lawful permanent resident. (Dkt. 1 at p. 3). After Jahan sat for an application interview, United States Citizenship and Immigration Services ("USCIS") notified her by letter of its intent to deny her I-485 application. (Dkt. 1 at pp. 3–4). In its letter, USCIS cited an October 1999 incident in which Jahan applied for a diversity visa using a false name, fraudulent documents, and a sham marriage:

> - You used a false name (Amena Rahman) when you applied for your Diversity Visa in October 1999, in Bangladesh;
> - You submitted fraudulent documents with the Visa application, namely school certificates;
> - You were not married to Mahabub Khan and he was your cousin; and,
> - You claimed your family made go to the US Embassy and give a false testimony.

Dkt. 1-5 at p. 1.

On account of that October 1999 visa application, USCIS further stated in its letter that Jahan was inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(C)(i) because she had sought to procure a visa by fraud or by willfully misrepresenting a material fact. (Dkt. 1-5 at p. 2).

After receiving USCIS's letter, Jahan filed a Form I-601 application for waiver of grounds of inadmissibility. (Dkt. 1 at p. 4). USCIS denied Jahan's I-601 application (Dkt. 1 at p. 4), and this lawsuit followed. Defendant have moved for dismissal for lack of subject

2 / 5

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B)(i) bar Plaintiffs' claims. (Dkt. 12).

## II.    RULE 12(b)(1)

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

## III.    ANALYSIS

The Court concludes that it lacks the power to adjudicate this case. As the Fifth Circuit recently explained, "8 U.S.C. § 1252(a)(2)(B)(i) precludes judicial review of

denials of applications for adjustment of status and waivers of inadmissibility." *Momin v. Jaddou*, 113 F.4th 552, 560 (5th Cir. 2024). *Momin* compels dismissal of this lawsuit.

Plaintiffs have no answer for *Momin*, which goes unremarked in their papers. In their briefing, Plaintiffs contend that "this Court retains its jurisdiction and authority to review the arbitrary and capricious actions made by the Defendants under the Due Process clause of the U.S. Constitution." (Dkt. 13 at p. 4). However, Plaintiffs have not pled a claim under the Fifth Amendment Due Process clause, and in any event such a claim would fail at the outset. *Nyika v. Holder*, 571 Fed. App'x 351, 352 (5th Cir. 2014) ("Because Nyika had no liberty interest in adjustment of status, there can be no due process violation."); *see also Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006) ("This circuit has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection."); *Vasylchenko v. United States Citizenship and Immigration Services*, No. 3:21-CV-2815, 2022 WL 2953018, at *3 (N.D. Tex. July 25, 2022) ("The Fifth Circuit has held that adjustment of status and interests related to these proceedings are not protected liberty interests that can support a due process claim.") (collecting cases).

The Court concludes that Plaintiffs have not shown by a preponderance of the evidence that this Court has subject matter jurisdiction over this case. Accordingly, the Court will grant Defendants' motion to dismiss.

## IV.   CONCLUSION

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (Dkt. 12) is **GRANTED**. Any other pending motions are **DENIED AS MOOT**.

Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, on ____March 6_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE